Christy GREER, By and Through her father as next friend Gary GREER, Gary Greer, Plaintiffs–Appellees,

v.

ROME CITY SCHOOL DISTRICT, Rome City Board of Education, Larry B. Atwell, Dr., in his Official Capacity as Superintendent of Schools, Defendants–Appellants.

No. 90–9140.

United States Court of Appeals, Eleventh Circuit.

July 15, 1992.

Rehearing and Rehearing En Banc Denied Sept. 2, 1992.

Sam S. Harben, Jr., Harben and Hartley, Gainesville, Ga., J. Anderson Davis, Brinson, Askew and Betty, Rome, Ga., for defendants-appellants.

Jonathan A. Zimring, Zimring & Ellin, Atlanta, Ga., for plaintiffs-appellees.

Before ANDERSON, Circuit Judge, CLARK *, Senior Circuit Judge, and BROWN **, Senior District Judge.

PER CURIAM:

In this case we issued an opinion on December 26, 1991, in which we affirmed the judgment of the district court.[1] Thereafter, pursuant to this court's Internal Operating Procedure 4, following Fed. R.App.P. 35, one of the members of the court raised a question with the panel with respect to whether the judgment of the district court was final and whether our court had jurisdiction to consider the case on appeal. In order to expedite the matter, on March 12, 1992, we entered an order withdrawing our opinion of December 26,

1991, and remanding the case to the district court for that court to determine whether there were any remaining undetermined claims still pending before that court and, if so, to decide them and return the case to us.[2]

The district court has promptly considered the matter, has conferred with the parties, and has, on May 18, 1992, entered a Consent Order which is attached hereto. It is clear from that Order that all matters and issues pending before the district court have either been abandoned or finally decided.

In light of the Consent Order, we reinstate our opinion of December 26, 1991, with the exception of Part II on jurisdiction, which is hereby deleted as moot. This order will be published. We do not see any necessity in the republication of our opinion,[3] but we change the effective date of that opinion to the date of this order for the purpose of commencing time running for the filing of petition for rehearing, petition for rehearing en banc, or petition for certiorari to the United State Supreme Court by any of the parties.

PREVIOUS OPINION REINSTATED.

ATTACHMENT

In the United States District Court

Northern District of Georgia

Rome Division

Civil Action File No. 4:89–CV–171–HLM

Christy Greer, et al., Plaintiffs

v.

Rome City School District, et al., Defendants

CONSENT ORDER

May 20, 1992.

This matter came on before the Court on the limited remand order of the Eleventh

---

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Wesley E. Brown, Senior U.S. District Judge for the District of Kansas, sitting by designation.

1. See Greer v. Rome City School District, 950 F.2d 688 (1991).

2. See Greer v. Rome City School District, 956 F.2d 1025 (1992).

3. It is now published in 950 F.2d 688.

Circuit Court of Appeals, dated March 12, 1992. That order required this Court to consider whether or not its order was final, and to take any other or further action required as to the reimbursements for the costs of educational services, independent evaluations and for compensatory services to Christy Greer, citing *Greer v. Rome City School District*, 950 F.2d 688, 694 and n. 11 (11th Cir.1991).

After conferring, the parties consent to and agree to the entry of this Consent Order, it is hereby ORDERED:

1. Plaintiff, Christy Greer, by and through her parents as next friends originally raised and pled a claim for reimbursement for the costs of an evaluation independently provided and for compensatory services, based upon the services delayed in this matter;

2. That the family at this stage specifically waives and/or relinquishes the claim for the costs of independent evaluations, arising out of the evaluations conducted prior to the trial in this case;

3. The family waives and relinquishes the claim as to specific compensatory services as permitted under *Jefferson County v. Breen*, 853 F.2d 853 (11th Cir.1988), or as otherwise permitted by law for actions taken by the school district prior to the trial in the District Court or arising from earlier delays of special education and/or related services; and

4. The parties stipulate and agree that the trial court decision as originally entered, is therefore complete and final and no further actions on the merits of the claims as originally raised needs to occur.

THEREFORE, this Court concludes that the compensatory claims and payment claims have now been abandoned and stipulate as to the final decision, this Court holds that by entry of this Consent Order that no further actions are necessary in the trial court on the merits of the litigation, that the final decision of the trial is re-entered as the full, complete and final decision on the merits of the claims, all consistent with the Order of March 12, 1992.

The Clerk is instructed to forward a copy of this decision once entered, to the Eleventh Circuit Court of Appeals, consistent with its direction and in fulfillment of the limited remand, and return the record to that Court.

IT IS SO ORDERED, this the 18th day of May, 1992.

/s/ Harold L. Murphy
Harold L. Murphy
Judge, U.S. District Court

CONSENTED TO:

/s/Jonathan A. Zimring
Jonathan A. Zimring
Attorney for Plaintiffs
Georgia Bar No. 785250

ZIMRING & ELLIN
Suite 401, One Midtown Plaza
1360 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 607–1600

/s/Sam S. Harben, Jr.
Sam S. Harben, Jr.
Attorney for Defendants
Georgia Bar No. 324100

HARBEN & HARTLEY
P.O. Box 2975
Gainesville, Georgia 30503
(404) 534–7341